**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| DULCE RODRIGUEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>REHABMART, LLC and<br>HULET SMITH,<br><br>*Defendants*. | CIVIL ACTION FILE NO.<br><br>3:26-cv-00067-TES |

**STIPULATED AGREEMENT AND PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and by agreement of the parties, it is hereby ORDERED that:

1. Documents or information produced by or provided to the parties during the course of discovery in the above-styled matter relating to proprietary business information and/or sensitive personal information may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information falls within the definitions in Paragraph 5 and that good cause exists for its protection under Fed. R. Civ. P. 26(c). Designations shall be limited to the specific documents, or portions of documents, that qualify. Blanket or indiscriminate designations are prohibited.

2. For purposes of this Agreement, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

3. For purposes of this Agreement, "Producing Party" means a named party in this litigation that produces Confidential Information in connection with this litigation. With respect to Confidential Information obtained via subpoena or deposition from third parties, "Producing Party" shall refer to either or both parties, but a party may designate such information only to the extent it contains that party's own Proprietary Business Information or contains Individual Personal Information.

4. For purposes of this Agreement, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

5. "Confidential Information" shall mean "Proprietary Business Information" and "Individual Personal Information" as defined below which is designated as such by the "Producing Party:"

a. "Proprietary Business Information" shall be defined as follows:

i. "Proprietary Business Information" means any sales data, financial data, profit data, marketing practices, purchasing

documents, non-public employment policies (excluding handbooks, policies, and procedures distributed or made available to Defendants' employees generally), equipment detail, customer data (including but not limited to information identifying customers of RehabMart, LLC, as well as the personal identifying information, contact information, and health information of said customers), personnel, compensation, and medical information of current and former employees other than Plaintiff, trade secrets or other non-public proprietary, strategic or commercial information, data or research of Defendants that at the time of production is not generally known to persons engaged in the industry in which Defendants conduct business;

ii. The term "Proprietary Business Information" shall not include matters of public record, and shall not include redacted copies of documents or information where the Proprietary Business Information has been removed. The Parties, and anyone acting on behalf of the Parties or at the direction of the Parties, may not place a document in the

public domain so as to destroy a document's potential designation as Confidential Information.

b. "Individual Personal Information" shall be defined as follows:

i. The term "Individual Personal Information" means any individual's medical records and health information; Social Security number, taxpayer identification number, date of birth, home address, and personal telephone number and email address; financial account numbers; and tax returns and other personal financial records. A document does not qualify as Individual Personal Information merely because it identifies an individual by name.

ii. The term "Individual Personal Information" shall not include matters of public record, and shall not include redacted copies of documents or information where the identifying Individual Personal Information has been removed.

c. A Producing Party shall make good faith efforts to identify and designate any documents containing Proprietary Business Information or Individual Personal Information as Confidential

Information prior to production. To designate Confidential Information, the Producing Party shall stamp or mark the Document or other media containing electronic data such as flash or thumb drives "Confidential" or otherwise label the Document or electronic media in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that the Document or electronic media contains Confidential Information. To designate Confidential Information produced by third parties or in testimony (or in exhibits referred to therein), the Producing Party shall notify the Recipient in writing at any time up until twenty (20) days after receipt of the Confidential Information.

d. This Order does not restrict a Party's use or disclosure of (i) documents or information that Party lawfully possessed before they were produced in this litigation; (ii) information that Party obtains independently from a source not bound by this Order; or (iii) information a person knows from personal experience, including Plaintiff's knowledge of the events of her employment. Nor does this Order restrict a Party's use or disclosure of its own Confidential Information.

6. The Confidential Information material designated pursuant to this Stipulated Agreement and Protective Order shall be exclusively for use in this action and for no other purpose, except as otherwise commanded by law or permitted by the Judge. However, this Stipulated Agreement and Protective Order shall not permit or require a party to withhold Confidential Information material that is sought by an agency of a state or federal government, whether pursuant to subpoena, administrative subpoena, discovery request, or other formal or informal request, whether or not such request is disclosed to the Producing Party.

7. The parties agree that, as consideration for this Stipulated Agreement and Protective Order, the parties may not withhold any Confidential Information material on the basis of a claim or contention that such information is confidential, other than pursuant to a claim of privilege or attorney-work product. No Party may redact information from a produced document on the ground that it is confidential, non-responsive, or irrelevant. A Producing Party may redact only privileged information; Social Security numbers, taxpayer identification numbers, and financial account numbers; and the names, contact information, and health information of RehabMart, LLC's customers.

8. The Recipient shall not disclose Confidential Information to any person except as permitted in this Order. The Recipient may disclose Confidential Information to:

a. The Judge, court personnel, and jurors;

b. Court reporters utilized in this litigation;

c. Counsel of record in this action and employees of counsel in this action, and copying, e-discovery, translation, graphics, and trial-support vendors retained by counsel;

d. Parties to this action, and officers and employees of a Party who are assisting counsel in the prosecution or defense of this action and need the information for that purpose;

e. Experts or consultants engaged by counsel to assist in this litigation, provided that these expert witnesses expressly agree to be bound by the terms of this Agreement and not to disclose Confidential Information except as permitted herein;

f. Fact witnesses, but only in accordance with the procedures set forth in Paragraph 9 of this Agreement except when disclosed during the course of a deposition or at any litigation proceeding in this case; and

g. Any mediator or settlement officer, and supporting personnel, agreed upon by the Parties or appointed by the Judge.

9. Prior to disclosure of Confidential Information to persons described in Paragraphs 8(e) or 8(f), the Recipient shall advise the person that, pursuant to this

Agreement, he or she may not divulge such information to any other individual except as permitted herein.

10. At any time, a Recipient may dispute the designation of individual documents or a category of documents or information as Confidential Information by notifying the Producing Party in writing of such dispute. The Parties shall make good-faith efforts to resolve any such dispute. If the dispute is not resolved within fourteen (14) days after the Recipient's written notice, the Producing Party shall, within fourteen (14) days thereafter, seek a ruling from the Judge in accordance with the Judge's procedures for discovery disputes. The Producing Party bears the burden of establishing good cause for the designation under Fed. R. Civ. P. 26(c). If the Producing Party does not timely seek a ruling, the designation is withdrawn. The challenged material shall be treated as Confidential Information until the Judge rules.

11. A Recipient may dispute the lack of designation of Confidential Information on an individual document or a category of documents or information by notifying the Producing Party in writing of such dispute and, if the document contains the Recipient's own Proprietary Business Information or contains Individual Personal Information, designating the document as Confidential Information. The Parties shall make good-faith efforts to resolve any such dispute. If the Parties are unable to resolve their dispute, the procedures and burden in

Paragraph 10 apply, and the party making the designation shall be treated as the Producing Party.

12. Any Party has the right to move to modify or vacate and the Judge may, on its own Motion, modify or vacate this Stipulated Agreement and Protective Order.

13. Nothing in this Stipulated Agreement and Protective Order shall be deemed to limit or waive any discovery or evidentiary objection other than that the documents and information sought are confidential, as provided above.

14. Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except the disclosure of the material as proscribed in this Order.

15. A Party that intends to file Confidential Information designated by another party in support of or in opposition to any motion shall first confer with the designating party's counsel to determine whether redaction or another measure less restrictive than sealing will provide adequate protection. If the designating party contends the material should be sealed, the filing party may file it provisionally under seal or in redacted form, in accordance with the Court's procedures, and the designating party shall, within seven (7) days after the filing, move to seal. The designating party bears the burden of establishing that sealing is warranted under applicable law. If the designating party does not timely move, or the Judge denies

the motion, the filing party may file the material on the public docket. The use of Confidential Information at trial shall be addressed at the pretrial conference.

This 20th day of October, 2026.

s/Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT